BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE COMMERCIAL LIGHTING PRODUCTS, INC.)     DOCKET NO. 245
CONTRACT LITIGATION                          )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of two actions brought by Commercial Lighting Products, Inc. in two federal districts: one in the Eastern District of Michigan and the other in the Southern District of Indiana. Industrial Lighting Products Co. and its president, Lawrence Nelson, are defendants in both actions while the Indiana action includes, as additional defendants, Glendon Abrams, Larry Blade and Charles E. Davis.

In its Michigan complaint, Commercial alleges that Industrial and Nelson tortiously interfered with Commercial's contractual relationships with certain of its sales representatives and that defendants attempted to interfere with existing contractual relationships with other sales representatives.

---

\*   Judges Weinfeld and Lord were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

- 2 -

Commercial also claims that Industrial and Nelson wrongfully appropriated Commercial's trade secrets and customer lists, and did so in conspiracy with certain former sales representatives of Commercial presently employed by Industrial.

The Indiana complaint includes allegations similar to those asserted in the Michigan complaint; and in addition seeks damages from Abrams, Blade and Davis for alleged breaches of their contracts with Commercial. A further allegation made only in the Indiana complaint is that the five defendants in that action engaged in a conspiracy to wrongfully induce other Commercial sales representatives to breach their contracts with Commercial.

All defendants move the Panel for an order transferring the Indiana action to the Eastern District of Michigan for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the action pending in that district. Commercial opposes the motion. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

Movants contend that transfer is necessary because the two actions share common factual questions relating to what Industrial and Nelson did, what the sales representatives did and whether the acts of Industrial and Nelson induced the acts of the sales representatives. Movants maintain that except for any additional issues concerning the

alleged involvement of Abrams, Blade and Davis in attempts to attract other representatives away from Commercial, all the essential factual questions raised in the Indiana action are involved in the Michigan action. Thus, they assert, transfer will avoid duplicative discovery and unnecessary inconvenience to the parties and their witnesses.

When only a minimal number of actions are under consideration for transfer under Section 1407, the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Only two relatively simple contract and tort actions are before us. While we recognize that these actions share common questions of fact, we are not persuaded that the common factual questions are complex enough to warrant transfer. Id.

Defendants, and plaintiff as well, can take certain measures in order to avoid duplicative discovery. For example, notices for a particular deposition could be filed in both the Michigan and Indiana district courts, thereby making the deposition applicable in each jurisdiction; defendants could seek a stipulation among the parties that all discovery may be used in both actions; and defendants could seek orders from the two courts directing the parties to coordinate their pretrial efforts. See also Manual for Complex Litigation,

- 4 -

Part I, §3.11 (rev. ed. 1973). Thus, suitable alternatives to transfer under Section 1407 are available to all parties in this litigation.

    IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the action listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A                                                                  DOCKET NO. 245

### EASTERN DISTRICT OF MICHIGAN

Commercial Lighting Products, Inc. v. Industrial        Civil Action
Lighting Products Co., et al.                           No. 571704

### SOUTHERN DISTRICT OF INDIANA

Commercial Lighting Products, Inc. v. Industrial        Civil Action
Lighting Products Co., et al.                           No. IP75-655-C